| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**JUL 21 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** kaaumoan **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*LOS ANGELES* DIVISION**

| In re:<br><br>KEVIN DUANE KINSEY,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-12678-WB<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: June 27, 2017<br>TIME: 10:00 AM<br>COURTROOM: 1375<br>PLACE: 255 E. Temple St., Los Angeles, CA 90012 |
|---|---|

**Movant:** U.S. Bank NA

1. The Motion was:  ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    6169 Wooster Avenue
    *Unit/suite number*:
    *City, state, zip code*:    Los Angeles, CA 90056

    Legal description or document recording number (including county of recording): As stated in Exhibit 1 to the Motion (Docket No. 13),

    LOT 98 OF TRACT NO. 24252, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 653, PAGES 26 THROUGH 30 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                        Page 1                                         F 4001-1.RFS.RP.ORDER

RECORDER OF SAID COUNTY.

☐ See attached page.

3. The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☐ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☒ Multiple bankruptcy cases affecting the Property.

        (3) ☒ The court  ☒ makes  ☐ does not make  ☐ cannot make
        a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 2                                          **F 4001-1.RFS.RP.ORDER**

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐   A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐  This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☒  Other (*specify*): Based on the pleadings, record, and oral argument, and for the reasons that follow, the Court grants relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and (d)(4).

    Debtor filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq*. on March 6, 2017. Movant, who holds the first-priority lien on the subject property, filed its Motion on April 27, 2017. Debtor did not file an opposition but appeared on his own behalf at the first hearing on the Motion, which took place on May 23, 2017. Movant did not appear as the Court's tentative ruling was to grant the Motion under 11 U.S.C. §§ 362(d)(1) and (d)(4) and waive appearances. Because Debtor appeared, the Court continued the hearing to June 27, 2017 to allow Debtor additional time to file written opposition.

    Debtor filed an opposition on June 13, 2017. Debtor did not serve his opposition on Movant. Debtor opposed the Motion on the bases that: (1) Movant does not have standing to seek relief as they are not the real party in interest because they are not asserting their own legal rights; and (2) Movant has not provided a valid accounting of the balance of the lien which caused Debtor to suffer severe financial hardship and file several bankruptcy cases to prevent foreclosure and attempt to modify the loan.

    Further, Debtor failed to serve notice of the continued hearing. At the June 27 hearing on the Motion, the Court heard further argument from Debtor and took the matter under submission. Because Debtor's failure to serve his opposition and notice of continued hearing does not affect the outcome of these proceedings, the Court now issues this order granting the Motion under §§ 362(d)(1) and (d)(4).

    To obtain relief under § 362(d)(4), the Court must find the following three elements are present: (1) the debtor's bankruptcy filing was part of a scheme; (2) the object of the scheme was to delay, hinder or defraud creditors; and (3) the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property. *In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870–871 (9th Cir. BAP 2012).

    **I. The Debtor's Bankruptcy Filing was Part of a Scheme**
    In the context of § 362(d)(4), neither the bankruptcy code nor the legislative history gives an indication of what qualifies as a "scheme". A scheme has been defined as "an intentional artful plot or plan to delay, hinder or defraud

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                            Page 3                                                            **F 4001-1.RFS.RP.ORDER**

creditors." *In re Duncan & Forbes Development, Inc.,* 368 B.R. 27, 32 (Bankr. C.D. Cal. 2006), *citing Black's Law Dictionary* (8th ed. 2004).

The evidence in this case in support of a relevant scheme is abundant. In support of its claim that Debtor engaged in a scheme prohibited by § 362(d)(4)(A), Movant cites, among other facts, to a pattern by Debtor, the original borrower, attempting to stave off foreclosure by purporting to transfer an interest in the Subject Property to another debtor in bankruptcy or to a nondebtor party who subsequently files bankruptcy. Under the circumstances of the case at bar, the Court finds that the Debtor's bankruptcy filing was part of a scheme.

**II. The Object of the Scheme was to Delay, Hinder or Defraud Creditors**
To obtain relief under § 362(d)(4), the court must find that the object of the scheme was to delay, hinder or defraud creditors. *In re First Yorkshire Holdings, Inc.,* 470 B.R. at 870. Movant argues that the third-party scheme here is to delay foreclosure proceedings against the Subject Property.

In this case, it is not only clear that the object of the scheme was to delay foreclosure or other collection actions, but Debtor has been successful. Documents have been submitted by Movant showing that the Subject Property is property of three different bankruptcy estates based on transfers of (fractional) interests in the Subject Property. Debtor has obtained the benefit of the automatic stay in other cases to forestall the foreclosure process without submitting himself to the jurisdiction of the court and assuming the duties and responsibilities of a debtor in a bankruptcy case. *See, e.g.,* 11 U.S.C. §§ 343, 521, 1107 and 1326; Fed. R. Bankr.P. 1007, 2015 and 4002.

**III. The Scheme Included Transfers Without Consent and Multiple Bankruptcy Filings**
The court must find that the scheme included either (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval or (B) multiple bankruptcy filings affecting such real property. 11 U.S.C. § 362(d)(4)(A) and (B); *In re First Yorkshire Holdings, Inc.,* 470 B.R. at 870.

Movant submitted copies of three deeds showing that ownership interests in the Subject Property were transferred without its consent. In the first deed, which states that it was executed on February 15, 2013, Debtor transferred an interest in the Subject Property to Gloria Jean Williams ("Williams") through a grant deed. The grant deed stated that Debtor was transferring the property to himself and Williams, each as joint tenants, and the grant deed recited on its face that no consideration was given by the transferee. On February 8, 2011, Williams had filed a Chapter 13 bankruptcy petition.

In the second deed, which states that it was executed on May 15, 2016, Debtor transferred a fractional 5% ownership interest as tenants in common in the Subject Property to Craig Love ("Love"), through a grant deed. The grant deed stated that the transfer was for "Valuable Consideration." On May 27, 2016, twelve days after the execution date of the grant deed, Love filed a chapter 13 bankruptcy petition.

In the third deed, which states that it was executed on January 5, 2017, Debtor transferred a fractional 5% ownership interest as tenants in common in the Subject Property to Gary Nathan Newton ("Newton"), through a grant deed. The grant deed stated that the transfer was for "Valuable Consideration." On January 5, 2017, the same date as the execution date of the grant deed, Newton filed a chapter 13 bankruptcy petition.

In this case, Movant submitted a declaration showing that the transfers were made without its consent, and this evidentiary showing is unopposed. Thus, § 362(d)(4)(A) is satisfied. Alternatively, Movant has also shown that this is the eighth bankruptcy case[1] affecting the Subject Property. Thus, § 362(d)(4)(B) is satisfied as well.

---

[1] In its Motion, Movant listed the following seven (7) prior bankruptcy cases affecting the Property:
  (1) On April 28, 2009, Debtor filed chapter 13, Case No. 09-19949-VZ and listed the Subject Property in his Schedules;
  (2) On March 31, 2010, Debtor filed chapter 13, Case No. 10-22171-VZ and listed the Subject Property in his Schedules;
  (3) On February 28, 2011, Williams filed chapter 13, Case No. 11-15407-WB and did not list the Subject Property in her Schedules;
  (4) On March 31, 2011, Debtor filed chapter 13, Case No. 11-23920-SK and listed the Subject Property in his Schedules;
  (5) On November 25, 2013, Debtor filed chapter 13, Case No. 13-38128-SK and listed the Subject Property in his Schedules;

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                          Page 4                                                          F 4001-1.RFS.RP.ORDER

**IV. Debtor's Lack of Standing Argument Is Without Merit**
The beneficiary listed on the deed of trust is SFF Mortgage, Inc. DBA Security First Financial. Mot., Exh. 1. There is a Corporate Assignment of Deed of Trust dated 4/13/05 transferring for value the interest to Option One Mortgage Corporation. Mot., Exh. 3. From thereon is an Assignment of Deed of Trust dated 2/2/10 transferring interest to Bank of America, NA. Mot., Exh. 3. Lastly, there is an Assignment and Assumption Agreement dated 12/30/10 between Bank of America, NA and assigning all interest to Movant.

According to the Ninth Circuit BAP, "[g]iven the limited nature of the relief obtained through a motion for relief from the stay, the expedited hearing schedule § 362(e) provides, and because final adjudication of the parties' rights and liabilities is yet to occur, this Panel has held that a party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate. *In re Gould,* 401 B.R. 415, 425 n. 14 (9th Cir. BAP 2009); *In re Luz Int'l, Ltd.,* 219 B.R. 837, 842 (9th Cir. BAP 1998). *See also Grella,* 42 F.3d at 32." *In re Veal,* 450 B.R. 897, 915-916 (9th Cir. BAP 2011).

Movant provided the court with the following exhibits: (1) a copy of an assignment of mortgage from SFF Mortgage, Inc. DBA Security First Financial (the original lender) to Option One (the "SFF Assignment"), (2) a copy of an assignment of mortgage from Option One to Bank of America (the "Option One Assignment") and; (3) a copy of an assignment from Bank of America to Movant (the "BofA Assignment"). Movant has established a chain of title and thus standing to move for relief from stay. Debtor does not challenge any of the assignments as invalid.

**V. Debtor's Request for Accounting Is Not A Bar To Granting Relief From Stay**
Given the limited grounds for obtaining a motion for relief from stay, read in conjunction with the expedited schedule for a hearing on the motion, most courts hold that motion for relief from stay hearings should not involve an adjudication of the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate. *See In re Johnson,* 756 F.2d 738, 740 (9th Cir.), *cert. denied,* 474 U.S. 828 (1985) ("Hearings on relief from the automatic stay are thus handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing.") (citation omitted); *In re Ellis,* 60 B.R. 432, 436 (9th Cir. BAP 1985) ("In any case, stay litigation is not the proper vehicle for determination of the nature and extent of those rights."); *Grella,* 42 F.3d at 33 ("[W]e find that a hearing on a motion for relief from stay is merely a summary proceeding of limited effect, and ... a court hearing a motion for relief from stay should seek only to determine whether the party seeking relief has a colorable claim to property of the estate."); *see also,* 3 *Collier on Bankruptcy* ¶ 362.08 [6], 362–106 (15th ed. rev.1997) [hereinafter *Collier* ]. Here, Movant can "establish that it has a colorable claim to enforce a right against property of the estate"; thus, there is cause to grant the Motion.

//

//

//

//

//

//

//

//

//

---

(6) on May 27, 2016, Love filed chapter 13, Case No. 16-17100-VZ and did not list the Subject Property in his Schedules; and

(7) On January 5, 2017, Nathan filed chapter 13, Case No. 17-10131-VZ and did not list the Subject Property in his Schedules.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 5                                          F 4001-1.RFS.RP.ORDER

Based on the foregoing, the Court finds that Movant has satisfied the necessary elements to obtain *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4)(A) and (B), and the Motion seeking relief under both of these provisions is granted.

###

Date: July 21, 2017

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 6                              **F 4001-1.RFS.RP.ORDER**